10-1990-ag
Sabo v. Holder

BIA
Schoppert, IJ
A099 429 400

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand eleven.

PRESENT:
>ROSEMARY S. POOLER,
>ROBERT D. SACK,
>RICHARD C. WESLEY,
>>*Circuit Judges.*

_____

Gejza Sabo,
>*Petitioner,*

v.                                    10-1990-ag
                                      NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Elyssa N. Williams, New Haven, CT.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Carl H. McIntyre, Jr.,
                         Assistant Director; Jacob A.
                         Bashyrov, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Gejza Sabo, a native and citizen of Slovakia, seeks review of an April 22, 2010, decision of the BIA affirming the April 4, 2008, decision of Immigration Judge ("IJ") Douglas Schoppert, which denied Sabo's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Gejza Sabo,* No. A099 429 400 (B.I.A. Apr. 22, 2010), *aff'g* No. A099 429 400 (Immig. Ct. N.Y. City Apr. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). For asylum applications such as this one, governed by the REAL ID Act, the agency

may, considering the totality of the circumstances, base a credibility finding on the plausibility of an asylum applicant's account or inconsistencies in his statements without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Contrary to Sabo's position, substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied on Sabo's inconsistencies and implausibilities in Sabo's testimony and applications in arriving at its decision. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166-167 (2d Cir. 2008). As the IJ noted, Sabo's original asylum application provided that he was a lifelong Jehovah's Witness and was married to Marta Ivanova, but he testified that the application was completely false. That original application described several incidents occurring in Slovakia in 2003 and 2004, but Sabo later admitted that he had been living in the United States since 2000. With Sabo having admitted to these falsehoods, it was reasonable for the IJ to find him not credible. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (holding that even a single false statement may reasonably "infect the balance of the alien's uncorroborated or unauthenticated evidence"). The

3

IJ also reasonably found it implausible that Sabo would leave his home country over the two relatively minor incidents listed in his second application, as Sabo himself testified that the incidents were not serious. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (holding that this Court will not disturb the inherent implausibility finding so long as an IJ's finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived"). Given these inconsistencies and implausibilities, the agency's adverse credibility finding is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166, 167 (holding that "[w]e defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling"). Because Sabo's claims all were based on the same factual predicate, the agency's adverse credibility determination was a proper basis for the denial of both withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is

4

DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk